IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**ARMOND R. LEWIS, #126613**                                                                         **PLAINTIFF**

**v.**                                     **CIVIL NO. 1:19cv367-HSO-JCG**

**J. ERRINGTON, ET AL.**                                                         **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER
## DISMISSING PLAINTIFF'S COMPLAINT

This matter is before the Court sua sponte. Pro se Plaintiff Armond R. Lewis ("Plaintiff"), an inmate of the Mississippi Department of Corrections, brings this Complaint pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding *in forma pauperis*. *See* Order [5]. The named Defendants are J. Errington, Superintendent of South Mississippi Correctional Institution; Unknown Davis, a Lieutenant at George County Regional Correctional Facility; Mississippi Department of Corrections ("MDOC"); and Richard Pennington, Director of MDOC's Administrative Remedy Program. The Court, having liberally construed Plaintiff's Complaint, finds that this case should be dismissed.

### I. BACKGROUND

On April 27, 2017, Plaintiff received a rule violation report ("RVR") for possessing "major contraband [b]y the specific act of having a cell phone charger." Attach. [7-1] at 1. As a result, he lost prison privileges (including commissary, phone, and visitation) for six months, and his custodial classification level was

reduced to "C-custody"[1] for one year. Pl.'s Resp. [7] at 1. Plaintiff states that his appeal of this RVR was denied via the prison grievance system. Compl. [1] at 4.

In this lawsuit, Plaintiff asserts his innocence and claims the disciplinary process violated his due process rights. Specifically, Plaintiff claims that, because of Lt. Davis's conduct, he was not allowed to attend his disciplinary hearing and he was found guilty of the RVR. Compl. [1] at 4; Pl.'s Resp. [7] at 2.

Plaintiff complains that Superintendent Errington and Director Pennington failed to investigate and overturn the disciplinary decision when Plaintiff appealed through the prison grievance system. Compl. [1] at 4; Pl.'s Resp. [7] at 2–3. As relief, Plaintiff seeks "cash compensation" and the return of all "time" he would have earned if his custodial classification level had not been reduced. Compl. [1] at 4; Resp. [7] at 3.

## II. DISCUSSION

The Prison Litigation Reform Act of 1996 ("PLRA"), 28 U.S.C. § 1915, applies to prisoners proceeding *in forma pauperis* in this Court. 28 U.S.C. § 1915(h). The PLRA provides in part that "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Since

---

[1] MDOC utilizes four custody designations: minimum custody; medium custody; close custody (referred to as c-custody); and death row. *MDOC Inmate Handbook* at 3 (Rev. 2016), https://www.mdoc.ms.gov/Inmate-Info/Documents/Chapter_I.pdf. Inmates designated close custody are not allowed the same job opportunities or privileges afforded to minimum or medium custody inmates. *Id*.

2

Plaintiff is a prisoner proceeding *in forma pauperis*, his Complaint is subject to the case screening procedures set forth in the PLRA.

A. <u>Disciplinary action</u>

Plaintiff claims Defendants violated his constitutional right to due process when the prison disciplinary process resulted in a reduction in his custodial classification level and the revocation of privileges for six months. To invoke the protections of the Due Process Clause, Plaintiff must have a protected liberty interest at stake. In the prison context, a constitutionally protected liberty interest is "limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484–85 (1995) (finding the discipline of inmates by prison officials is consistent with the expectations of the sentence imposed by a court of law).

A change in an inmate's classification level is not an atypical or significant hardship warranting constitutional protection. *Wilkerson v. Stalder*, 329 F.3d 431, 435–36 (5th Cir. 2003) (noting that "[t]his circuit has continued to hold post-*Sandin* that an inmate has no protectable liberty interest in his classification"). The classification of prisoners falls well within the broad discretion of prison officials and should be "free from judicial intervention." *McCord v. Maggio*, 910 F.2d 1248, 1250–51 (5th Cir. 1990) (citations omitted). Plaintiff clearly does not have a "constitutionally protected interest in either a custodial classification or the possibility of earning good-time credits." *Thomas v. Jordan*, No. 07-60071, 2008 WL

4649095, at *1 (5th Cir. Oct. 21, 2008) (citing *Neals v. Norwood*, 59 F. 3d 520, 533 (5th Cir. 1995)). A reduction in Plaintiff's classification level or loss of the ability to earn sentence credits associated with a specific classification level does not implicate due process protection.[2]

Similarly, privilege restrictions, like those in this case, are "merely changes in the conditions of [Plaintiff's] confinement and do not implicate due process concerns." *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997); *see Lewis v. Dretke*, No. 02-40956, 2002 WL 31845293, at *1 (5th Cir. Dec. 11, 2002) (finding restrictions on commissary, telephone, recreation, and library privileges as well as attendance at religious services, along with 15 days of solitary confinement, resulting from allegedly false disciplinary charges does not implicate due process); *Berry v. Brady*, 192 F.3d 504, 508 (5th Cir. 1999) (observing that prisoners have no constitutional right to visitation privileges and that restrictions on those privileges do not implicate any due process concerns). Since Plaintiff does not have a constitutionally protected right to a specific classification level or certain privileges while in prison, Defendants did not violate his due process rights. Therefore,

---

[2] Plaintiff maintains that he was removed from trusty status thereby losing the ability to earn certain sentence credits. Trusty status is defined by the classification board of MDOC. *Golden v. Epps*, 958 So. 2d 271, 273 n.2 (Miss. 2007) (citing Miss. Code Ann. § 47-5-138.1 (Rev. 2014)). The statute governing trusty status provides that an inmate may receive a reduction in his sentence for participation in approved programs while in trusty status. Miss. Code Ann. § 47-5-138.1 (Rev. 2014). The use of the word "may" affords discretion to prison officials. The statute also provides exceptions to the award of sentence credits, meaning placement in trusty status would not automatically result in Plaintiff earning a reduction in his sentence. *Id.* Since Plaintiff's classification in trusty status would not necessarily result in an earlier release from custody, the Court will not construe his Complaint as seeking habeas corpus relief.

4

Plaintiff's complaints regarding the RVR for possession of major contraband and resulting punishment are legally frivolous. *See, e.g.*, *Lewis v. Dretke*, No. 02-40956, 2002 WL 31845293, at *1 (5th Cir. Dec. 11, 2002) (finding inmate's due process claims related to prison disciplinary action frivolous).

B.  Prison grievance system

Plaintiff also claims that Defendants Errington and Pennington violated his constitutional rights when they denied his appeals of this disciplinary action within the prison grievance system. An inmate does not have a federally protected liberty interest in having a prison grievance investigated or resolved to his satisfaction. *Geiger v. Jowers*, 404 F.3d 371, 373–74 (5th Cir. 2005). Therefore, an inmate does not suffer a constitutional violation when his appeal within the prison grievance system is "arbitrarily and capriciously denied." *Staples v. Keffer*, 419 F. App'x 461, 463 (5th Cir. 2011) (finding "a prisoner does not have a constitutional right to a grievance procedure at all, and he has no due process liberty interest in having his grievances resolved to his satisfaction."). Because Plaintiff has no protected liberty interest in having his grievances investigated and resolved to his satisfaction, his due process claim is legally frivolous. *See Morris v. Cross,* 476 F. App'x 783, 785 (5th Cir. 2012) (affirming frivolous dismissal of inmate's claims regarding grievance process).

In addition, the Court finds that to the extent Plaintiff is claiming that MDOC policy and procedure was violated by the complained-of RVR and resulting disciplinary process, he is not entitled to relief under § 1983. These allegations do

5

not rise to the level of a constitutional deprivation. *See Harris v. Hinds Cty.*, 714 F. App'x 451, 452 (5th Cir. 2018) (citation omitted) ("Violations of prison rules and regulations do not support a claim for relief under § 1983"); *Alex v. Stalder*, No. 03-30154, 2003 WL 21196193, at *1 (5th Cir. May 14, 2003) (affirming frivolous dismissal of inmate's claim of prison rule violations).

### III. CONCLUSION

Based on the foregoing, this civil action will be dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that this civil action is **DISMISSED WITH PREJUDICE** as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**SO ORDERED AND ADJUDGED**, this the 3rd day of December, 2019.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE